HERSHOVICS, APPELLANT, *v.* MINDLIN, APPELLEE.

[Cite as Hershovics v. Mindlin (1973), 40 Ohio App. 2d 551.]

(No. 73AP-175—Decided October 9, 1973.)

*Messrs. Volkema & Pees* and *Mr. Bernard Cohen,* for appellant.

*Messrs. Williams, Murray, Deeg & Ketcham,* for appellee.

STRAUSBAUGH, J. This case is before use upon an appeal from a judgment for defendant in the Common Pleas Court of Franklin County.

The record indicates that plaintiff was a school teacher who, on January 16, 1968, walked west from her place of

residence north of Broad Street to the Columbus Torah Academy located on the south side of Broad Street. At the point where defendant's driveway intersects Broad Street on the north side, plaintiff stood, waiting for the traffic light, preparing to cross Broad Street. There was testimony that the distance between the east edge of defendant's driveway and the west line of the crosswalk was about nine feet, and that there was a large accumulation of snow covering the ground. The record further shows that, at the time plaintiff came to the driveway ramp, about 8 a. m., defendant backed her automobile from the driveway, while looking toward the rear from the open door of the driver's side of the automobile. Her son, a junior or senior high school student, was a passenger and he looked toward the traffic light, from the passenger window, to tell his mother the condition of the light. The automobile struck and backed over plaintiff causing injury to her. Defendant testified that the car had been sitting out in the driveway overnight; that, as she backed, the windows "probably were frosted"; and that she did not remember the exact condition of the back window or how well she cleaned it off. The defendant testified that she did not see plaintiff and was unaware of the accident until she heard a child scream at about the point where she reached the sidewalk area. The jury returned a verdict in favor of defendant from which plaintiff now appeals.

Plaintiff lists twelve assignments of error:

"Assignment of Error No. 1

"The trial court erred in overruling plaintiff's motion for a judgment notwithstanding the verdict.

"Assignment of Error No. 2

"The trial court erred in overruling plaintiff's motion for a new trial.

"Assignment of Error No. 3

"The trial court erred in submitting the issue of defendant's negligence to the jury.

"Assignment of Error No. 4

"The trial court erred in submitting the issue of contributory negligence to the jury.

"Assignment of Error No. 5

"The trial court erred in failing to sustain plaintiff's motion for a directed verdict for the plaintiff.

"Assignment of Error No. 6

"The judgment is against the manifest weight of the evidence and is contrary to law.

"Assignment of Error No. 7

"The trial court erred in failing to instruct the jury pursuant to plaintiff's special requests to charge; number 3 and 4.

"Assignment of Error No. 8

"The trial court erred in his instruction as to the burden of proof which relates to contributory negligence.

"Assignment of Error No. 9

"The trial court erred in limiting plaintiff's counsel in his cross-examination of the defendant.

"Assignment of Error No. 10

"The trial court erred in his general charge to the jury.

"Assignment of Error No. 11

"There were errors of law in the rulings of the trial court which were prejudicial to the plaintiff.

"Assignment of Error No. 12

"The trial court employed the commonly accepted law on contributory negligence which is repugnant to justice, against public policy and in violation of an individual's constitutional rights."

In support of her first six assignments of error plaintiff contends that she is entitled to a judgment in her favor as a matter of law; that the facts proven are conclusive as they relate to defendant's negligence, proximate cause of plaintiff's injuries and contributory negligence. It is further argued that the evidence conclusively shows that the defendant was backing her automobile into a blind spot without giving an audible sound to a pedestrian and that the court was required to direct a verdict from the court's own instructions on the law. Plaintiff further contends that the court further erred in allowing the jury to consider the issue of contributory negligence and should have remanded

the case for a retrial for the evaluation of damages only.

R. C. 4511.38 provides, in part:

"No person shall start a vehicle, streetcar, or trackless trolley which is stopped, standing, or parked until such movement can be made with reasonable safety.

"Before backing, operators of vehicles, streetcars, or trackless trolleys shall give ample warning, and while backing they shall exercise vigilance not to injure person or property on the street or highway."

The evidence in this case does not indicate that an audible signal or warning by defendant before backing would have prevented the accident because of the distance from the sidewalk the place where defendant started her automobile. However, the latter portion of the above statute providing for the exercise of vigilance not to injure a person on street or highway while backing is relevant to the facts of this case.

R. C. 4511.44 provides:

"The operator of a vehicle * * * about to enter or cross a highway from a private road, driveway, alley, or building shall stop and yield the right of way to all traffic approaching on said highway."

R. C. 4511.01 (AA) defines "street or highway" as meaning:

"* * * [T]he entire width between the boundary lines of every way open to the use of the public as a thoroughfare for purposes of vehicular travel."

R. C. 4511.01 (SS) provides:

" 'Traffic' means pedestrians * * * either singly or together, while using any highway for purposes of travel."

R. C. 4511.01 (TT) provides:

" 'Right of way' means the right of a vehicle * * * or pedestrian to proceed uninterruptedly in a lawful manner in the direction in which it or he is moving in preference to another vehicle * * * or pedestrian approaching from a different direction into its or his path."

R. C. 4511.01 (EE) provides:

" 'Sidewalk' means that portion of a street between the curb lines, or the lateral lines of a roadway, and the

adjacent property lines, intended for the use of pedestrians.''

We find as applicable to the facts of this case the provision of R. C. 4511.21, that:

''* * * no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.''

We find that under the facts of this case, where it is undisputed that defendant backed her car from her driveway into a highway striking a pedestrian in the lawful use of that highway, that such defendant is guilty of negligence as a matter of law, for failing to yield the right-of-way to the pedestrian, for failing to maintain an assured clear distance ahead, and for failing to exercise due care in backing under the provisions enumerated above. The fact that defendant did not see the plaintiff pedestrian because defendant's rear vision was obstructed by snow on the back window of her car, or because her passenger did not see and warn her of the presence of the plaintiff does not excuse the defendant from negligence as a matter of law.

As to the matter of contributory negligence, we find, however, that it is possible for the trier of the facts to find contributory negligence on the part of the plaintiff for failure to have looked behind her while standing on the sidewalk or apron of a private driveway. We find, therefore, that the trial court did not err in submitting the issue of contributory negligence to the jury for that reason only. We, accordingly, sustain plaintiff's assignment of error number 3 and overrule assignment of error number 4. For the same reasons, we overrule assignment of error number 1 and sustain assignment of error number 2, and overrule assignments of error numbers 5 and 6.

We further find that the trial court erred in refusing that portion of plaintiff's tendered jury instruction number 4, which reads as follows:

''* * * while backing they [operators of vehicles] shall exercise vigilance not to injure person or property on the street or highway. The court has determined that the un-

disputed evidence shows that at the time of the accident defendant failed to comply with this law and was therefore negligent as a matter of law.''

We also find that the trial court erred in failing to give, in substance, that instruction, necessitated by R. C. 4511.38, and to that extent assignment of error number 7 is sustained. It is overruled as to the remainder.

Plaintiff's assignment of error number 8 is sustained. The burden of proof relating to contributory negligence rests upon the defendant at all times. Following the charge to the jury, plaintiff's counsel brought this specifically to the court's attention.

We do not find that the trial court erred in limiting plaintiff's counsel, during his cross-examination of the defendant, in his attempt to prove that it was foreseeable that someone would be standing in the driveway between the sidewalk and curb. We do not find this to be necessarily a relevant or pertinent issue in the case. In any event, such testimony would be within the sound discretion of the trial court. We find no abuse of discretion as contended in plaintiff's assignment of error number 9 and such is overruled.

Although we find merit in plaintiff's assignment of error number 10—that the trial court erred in its general charge to the jury—we overrule assignment of error number 10 for the failure of counsel to raise a specific objection.

Plaintiff's assignment of error number 11 would require this court to rewrite the law of negligence in the state of Ohio if plaintiff's request were granted. In the absence of the doctrine of comparative negligence or the classification of negligence into degrees in the state of Ohio, in cases such as this one, the following question asked by the jury could be answered only in the negative: ''if the jury finds negligence on both parties, can there be a degree of negligence in the case?'' The assignment is overruled.

Plaintiff's assignment of error number 12 is overruled for the same reasoning that this court cannot and will not change the established law of the state of Ohio for the accommodation of the plaintiff.

For the reasons set forth above, the judgment of the

trial court is reversed and the cause is remanded for further proceedings in accordance with law and this decision.

*Judgment reversed and cause remanded.*

WHITESIDE, J., concurs.
HOLMES, J., dissents.

HOLMES, J., dissenting. It is my view that the evidence adduced in this case presented a jury issue of negligence on the part of the defendant driver of this automobile. Such issue of negligence included the question of whether she used the proper degree of care in looking behind her in the process of backing her car out of the driveway. Such question involves her own vigilance in looking as well as the passenger's lookout. This I believe to be a jury question, and if such question is submitted along with the proper jury instruction, there would, in this regard, be no error.

I am of the opinion that the assured-clear-distance-ahead statute does not apply in this instance, in that such accident involved an auto backing from private property, and the impact had not taken place upon the roadway.

The section of law that is applicable to the backing of an automobile under these facts is R. C. 4511.38. In this instance, that portion of this section which provides for the giving of ample warning before backing is, as pointed out by the majority, not applicable here. However, that portion of the statute relating to the exercise of vigilance would be applicable and should, in essence, be included as a jury instruction.

The particular instruction number 4, as requested by the plaintiff, however, included additional language which the court in its allowable discretion did not wish to give as submitted.

On the duty of this defendant, the court, instructed the jury, as follows:

"A person is negligent if he looks but does not see that

which should have been seen by a reasonably prudent person under the same or similar circumstances.

"Such person is negligent if he or she does not continue to look as he or she proceeds if under the circumstances a reasonably prudent person would have continued further observation."

Again, I find that the court additionally charged the jury on the duty of the defendant in using care in the process of backing, as follows:

"A motorist before moving a vehicle backwards must give ample warning of his intent or his or her intent to back. A failure to sound a horn or otherwise give ample warning of the intent to move backwards is negligent. Such motorists must also exercise vigilance. That is, he or she must look and be as alert as a man or woman of ordinary circumstances, ordinary care and prudence, would consider necessary under the circumstance to determine that such movement would not injury any person."

This, I believe, constitutes, a fair instruction on the law relating to the requirements of care under the circumstances.

I would affirm the judgment of the trial court upon the verdict rendered herein.